473 So.2d 897 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Michael ROMAN, Defendant-Appellant.
No. CR84-989.
Court of Appeal of Louisiana, Third Circuit.
August 2, 1985.
*898 Keith Comeaux, New Iberia, for defendant-appellant.
Bernard Boudreaux, Dist. Atty., Ralph K. Lee, Asst. Dist. Atty., New Iberia, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and KNOLL, JJ.
DOUCET, Judge.
On April 9, 1983, The Little General Food Store in Jeanerette was robbed, and its female cashier raped and forced to perform oral sex. The victim, a 29 year old woman, 5'1" tall and weighing 92 lbs., was working the 11 to 7 shift as cashier in the store. Shortly after 4 A.M., a black male came into the store, got some sandwiches from the cooler, and asked the victim to help him use the microwave oven. When she went to help him, he grabbed her around the neck in a choke hold, told her he had a gun, and to stay calm and empty the cash register. After taking the money from the cash register, the man forced the victim into a back room where he raped her twice and forced her to perform oral sex upon him several times. The man left the store at approximately 4:40 A.M. when a customer came in. About six weeks later, on May 24, 1983, the victim picked the defendant out of a photographic lineup. Two days later, on May 26, 1983, she identified Michael Roman as her attacker in a physical lineup.
Michael Roman was charged by bills of information with the crimes of forcible rape, aggravated crime against nature and simple robbery in violation of La.R.S. 14:42.1, 14:89.1, and 14:65, respectively. The charge of simple robbery was subsequently dismissed by the District Attorney. A twelve-member jury found the defendant guilty as charged. On the forcible rape conviction, the defendant was sentenced to serve thirty-five (35) years at hard labor, with at least two (2) years to be served without benefit of probation, parole, or suspension of sentence. On the aggravated crime against nature charge, the defendant was sentenced to serve fifteen (15) years at hard labor, without benefit of probation, parole, or suspension of sentence, to run concurrently with the sentence on the rape conviction and subsequent to the sentence he is presently serving for previous offenses, with credit for time served awaiting trial. Defendant appeals his conviction and sentence on several assignments of error.
He argues that the identification should have been suppressed; that insufficient evidence existed on which to base a guilty verdict; that the sentence imposed was unconstitutionally excessive; and that a mistrial should have been granted because he *899 was denied a fair trial by exposure of five jurors to prejudicial newspaper publicity. Our review of the record convinces us that this case should be reversed and the case remanded for a new trial as a result of juror exposure to news coverage of the trial. Therefore, we will not consider the remaining assignments of error.
On February 15, 1984, a jury was selected for the trial of this matter. After completion of jury selection, the trial judge gave instructions to the jury, then the jury was dismissed and court adjourned until the following day. However, in his instructions, the trial judge failed to instruct the jury not to read, listen to, or watch any news account with regard to the trial or the defendant. That same day, February 15th, an article was published in The Daily Iberian entitled "Robbery Rape Trial Begins in Jeanerette". Although the defendant was charged with robbery, he was not in fact being tried for robbery. The article referred to defendant as a man, "... already serving a prison sentence for rape and robbery...", and went on to say that "Roman is currently serving time at Louisiana's State Penitentiary in connection with a related `crime spree', which included a couple of other assaults and robberies". It stated "... Roman was arrested for rape and robbery in May 1983 and twice in June of last year".
Five jurors admitted that they had read the article. They testified that they had been unaware of the defendant's prior convictions before reading the article. The defendant alleges that he had chosen not to take the witness stand specifically to avoid having his prior convictions revealed to the jury. The defendant further argues that the article rendered it impossible for those jurors who had read it to be completely impartial. Therefore, he contends that the provisions of La.C.Cr.P. arts. 770 and 775 mandate a mistrial.
La.C.Cr.P. art. 770 is not applicable to this situation. It refers only to prejudicial remarks or comments made by the judge, district attorney or other court official. In this case, the allegedly prejudicial remarks were made by a newspaper. If the defendant was entitled to a mistrial at all, it could only be under La.C.Cr.P. art. 775 or 771. La.C.Cr.P. art. 775 provides in pertinent part that:
"Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771."
La.C.Cr.P. art. 771 provides for an admonition to the jury by the court to disregard an immaterial or irrelevant, prejudicial remark made in argument or during trial within the hearing of the jury. It also provides that the trial judge may grant a mistrial if he believes that an admonition is not sufficient to assure the defendant a fair trial. Mistrial is a drastic remedy. In this case, the trial judge questioned each juror individually. Each juror who had read the article stated that he was not so impressed by the article as to be incapable of rendering a fair and impartial verdict. Consistent with the requirements of La.C.Cr.P. art. 771, the judge admonished each juror individually to disregard what they had read in the newspaper and to judge the defendant solely on the evidence.
In State v. Russell, 416 So.2d 1283 (La. 1982), the Louisiana Supreme Court, when faced with a problem of jury exposure to prejudicial publicity, enunciated a standard by which to judge whether a mistrial is warranted:
"A mistrial is not warranted absent a determination that the jurors were actually exposed to the publicity in question and were so impressed by it as to be incapable of rendering a fair and impartial verdict. LSA-C.Cr.P. Art. 775; State v. Monk, 315 So.2d 727 (La.1975). Here questioning by the trial judge of each juror showed that none of the jurors had been even exposed to the newspaper article complained of, much less prejudiced thereby. (The trial judge had consistently warned the jurors during *900 the trial to avoid contact with any of the press accounts thereof.)"
Unlike the situation in Russell, five jurors in the case presently before the court were actually exposed to the publicity. Further, they had not been warned by the trial judge to avoid contact with publicity concerning the case.
While the trial judge did question each juror, and admonished those who had read it to disregard the article, we believe that the references to the defendant's previous convictions were too prejudicial to be overcome by a mere admonishment. We believe that there was a substantial possibility that the jurors who had this knowledge were unable to be impartial, thereby denying the defendant a fair trial. As a result, La.C.Cr.P. art. 775 mandates that a mistrial be granted. Accordingly, we reverse the conviction and remand this case to the trial court for a new trial.
REVERSED AND REMANDED.
DOMENGEAUX, J., dissents and assigns written reasons.
DOMENGEAUX, Judge, dissenting.
I respectfully suggest that the majority opinion errs in remanding this case for a new trial.
On February 15, 1984, the jury was selected for the trial of the matter presently before this court. That same day an article was published in The Daily Iberian entitled "Robbery rape trial begins in Jeanerette." Although the defendant was charged with robbery, he was not in fact being tried for robbery. The article referred to defendant as a man, "... already serving a prison sentence for rape and robbery...", and went on to say that "Roman is currently serving time at the Louisiana's State Penitentiary in connection with a related `crime spree', which included a couple of other assaults and robberies". It stated "... Roman was arrested for rape and robbery in May 1983 and twice in June of last year".
Five jurors admitted that they had read the article. They testified that they had been unaware of the defendant's prior convictions before reading the article. The defendant alleges that he had chosen not to take the witness stand specifically to avoid having his prior convictions revealed to the jury. The defendant further argues that the article rendered it impossible for those jurors who had read it to be completely impartial. Therefore, he contends that the provisions of La.C.Cr.P. arts. 770 and 775 mandate a mistrial.
La.C.Cr.P. art. 770 is not applicable to this situation. It refers only to prejudicial remarks or comments made by the judge, district attorney or other court official within the hearing of the jury. In this case, the allegedly prejudicial remarks were made by a newspaper. If the defendant was entitled to a mistrial at all, it could only be under La.C.Cr.P. art. 775 or 771. La.C.Cr.P. art. 775 provides in pertinent part that:
"Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771."
La.C.Cr.P. art. 771 provides for an admonition to the jury by the court to disregard an immaterial or irrelevant, prejudicial remark made in argument or during trial within the hearing of the jury. It also provides that the trial judge may grant a mistrial if he believes that an admonition is not sufficient to assure the defendant a fair trial. Mistrial is a drastic remedy. Unless mandatory as in La.C.Cr.P. art. 770, it is committed to the trial court's sound discretion. A mistrial is warranted only if substantial prejudice results which would deprive defendant of a fair trial. State v. Narcisse, 426 So.2d 118 (La.1983). Jurors must be actually exposed to the publicity and so impressed by it as to be incapable of rendering a fair and impartial verdict. State v. Russell, 416 So.2d 1283 (La.1982). The determination of whether prejudice has resulted is within the sound discretion of the trial judge, whose ruling shall not be disturbed *901 absent an abuse of discretion. State v. Smith, 430 So.2d 31 (La.1983); State v. Narcisse, supra. In this case, the trial judge extensively questioned each juror individually. Each juror who had read the article stated, under oath, that he was not so impressed by the article as to be incapable of rendering a fair and impartial verdict. Consistent with the requirements of La.C.Cr.P. art. 771, the judge admonished each juror individually to disregard what they had read in the newspaper and to judge the defendant solely on the evidence. Under these facts, the defendant has not been substantially prejudiced by the newspaper article. Therefore, the district judge, in my opinion, did not abuse his discretion in refusing to grant the mistrial.
Such being the case I would respectfully suggest that the majority opinion further errs in not considering defendant's remaining assignments of error.