GUIDRY, Judge.
The defendant, Creighton Timothy Moss, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. The defendant was arraigned and pleaded not guilty. The defendant was tried before a twelve person jury and found guilty by an 11 to 1 vote. On September 9,1985, the defendant was sentenced to serve forty-five (45) years at hard labor without benefit of parole, probation or suspension of sentence. Defendant perfected this appeal from his conviction and sentence and urges three assignments of error.
FACTS
Theresa Green, a cashier at . the Sigmor Shamrock Service Station at the corner of Admiral Doyle and Bank streets in New Iberia, testified that on January 12, 1985, between 10:00 p.m. and 10:30 p.m. she was robbed at gunpoint. Miss Green testified that at first, the defendant entered, purchased a can of beer and then walked out. Two or three minutes later, after other customers left, the defendant returned and purchased another can of beer. When Miss Green attempted to put the money in the register, the defendant pulled a gun and ordered her to give him what she had in the drawer. Miss Green then took the money out of the register, defendant took the money from her and left the store.
ASSIGNMENT OF ERROR NO. 1
The defendant first contends that the trial court erred in denying his motion for a mistrial based upon an allegedly prejudicial comment made by a prospective juror, a Miss Thomas. Specifically, defendant contends that on voir dire, Miss Thomas stated that she was involved in a hit and run accident with a “Creig Moss” and that this person had called and threatened her. The trial record reflects the following:
“Q. Do you know any of the people involved in this case, whose names we’ve mentioned earlier?
A. I’ve heard of one of the witnesses called in.
Q. Who was that?
A. It was one of the Mosses. I don’t remember the first name. I was involved in a traffic accident with Creig Moss. A hit and run. And he called my house several times and threatened me BY MR. COMEAUX: Your Honor, may we approach the bench?”
After Miss Thomas made this remark, the trial judge questioned her in chambers and the defendant moved for a mistrial in *233 accordance with La.C.Cr.P. art. 775, which states in pertinent part:

Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.”
The trial judge denied defendant’s motion for a mistrial. After returning to the courtroom, the trial judge not only gave a general admonition to the jury, but also asked each individual juror whether the testimony of Miss Thomas would have any effect on them. The prospective jurors indicated that Miss Thomas’ statement would not influence their decision. The trial judge also told the jury that he had checked the defendant’s back record and could find no indication of a hit and run charge.
In State v. Smith, 433 So.2d 688 (La. 1983), our Supreme Court stated:

The determination as to whether a mistrial should be granted under this provision [La.C.Cr.P. art. 775] is within the sound discretion of the trial judge, and denial of a motion for mistrial will not be disturbed on appeal absent an abuse of that discretion. State v. Alexander, 351 So2d 505 (La.1977); State v. Haynes, 339 So2d 328 (La.1976). The motion should be granted only where the defendant suffers such substantial prejudice that he has been deprived of any reasonable expectation of a fair trial. State v. Cushenberry, 407 So2d 700 (La.1981); State v. Goods, 403 So2d 1205 (La.1981); State v. Sepulvado, 359 So2d 137 (La.1978)....”
In State v. Brown, 434 So.2d 1166 (La. App. 1st Cir.1983), a mistrial was requested when a prospective juror made a statement in french which translated, “[wjhat tree are we going to hang him on?” Subsequently, the juror was chastised by the trial judge and excused for cause and the trial judge admonished the jury to disregard the remark. The reviewing court found that the defendant failed to show that the remark affected the other jurors or that defendant was prejudiced. See also State v. Monroe, 397 So.2d 1258 (La.1981).
The defendant argues that this court’s decision in State v. Roman, 473 So.2d 897 (La.App. 3rd Cir.1985), mandates a reversal in this case. In Roman, after the first day of trial, five members of the jury read a newspaper article concerning the defendant’s prior convictions. The trial judge, who had failed to instruct the jury not to read, listen to, or watch any news account regarding the defendant, admonished the jurors to disregard what they had read in the newspaper and to judge the defendant solely on the evidence. Reversing Roman’s conviction, this court found that the references to the defendant’s previous convictions were too prejudicial to be overcome by a mere admonishment and that there was a substantial possibility that the jurors who had this knowledge were unable to be impartial, thereby denying the defendant a fair trial.
Defendant’s reliance upon Roman, supra, is misplaced. The prejudicial news article read by the jurors concerned the defendant’s prior criminal history, which was apparently extensive. The defendant chose not to take the witness stand specifically to avoid having his prior convictions revealed to the jury.
In the cáse sub judice, the trial judge gave a thorough admonition to the jury venire, emphasizing that Miss Thomas did not know if the defendant was the same Creig Moss as the one in the accident with her; the threats she had alluded to were not physical or violent threats; and, the defendant had not been charged with a hit and run accident. As in Monroe, supra, those jurors who were eventually enpa-nelled swore to accept the law as given them by the trial judge. Thus, we do not find that there has been any showing that Miss Thomas’ statement affected the other prospective jurors or that defendant was prejudiced. Therefore, the trial judge did not abuse his discretion in denying the mo *234 tion for mistrial. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
The defendant next contends that the jury erred because the evidence presented was not sufficient to sustain his conviction for the crime of armed robbery.
The standard of review as to the sufficiency of the evidence is whether viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have concluded that the State proved beyond a reasonable doubt each element of the crime. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 650 (1979); State v. Captville, 448 So.2d 676 (La.1984).
In the present case, the defendant was convicted of the crime of armed robbery, a violation of La.R.S. 14:64, which states in pertinent part:
“A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in .the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.”
At trial, Miss Theresa Green testified that on January 12, 1985, between 10:15 p.m. and 10:20 p.m. she was robbed at gunpoint. Miss Green testified that the defendant came in the front door, then went to the cooler in the back. The defendant then took a can of beer, walked to the front, purchased it and then walked out. The other customers present then paid for their gas and left. Two or three minutes later, the defendant came back in, picked up another can of beer and brought it to the front. The defendant then paid for the beer. As Miss Green opened the register, the defendant pulled a gun and ordered her to give him what she had in the drawer. Defendant then took the money out of her hand and left the store. A total of $105.00 in cash was reported taken.
On January 14, 1985, two days later, Miss Green went to the police station where she looked through photographs or “mug shots”. Miss Green looked through forty or fifty photographs and recognized the photograph of the man who robbed her. The next day, January 15,1985, Miss Green returned to the police station to view a line-up. Miss Green identified the defendant, who was among those in the line-up. Miss Green also identified the defendant in the courtroom.
The defendant presented an alibi defense, alleging that he was not near the scene of the crime when the armed robbery occurred. Defendant presented two witnesses to support his alibi, his wife, Patri-na, and a next door neighbor, Ronnie Washington.
Ronnie Washington testified that he went to defendant’s house at 10:35 p.m. to watch wrestling on television. Washington stated that the defendant was at his home at that time. He could not account for defendant’s whereabouts before this time. Washington had not come forward before trial to make a statement on defendant’s behalf.
Patrina testified that defendant was home during the time the crime occurred. She stated that he had washed and conditioned her hair. She also testified that defendant decided to shave off part of his goatee that night, although he had had a goatee almost continuously for 3½ years. Miss Green testified that the robber had a goatee, but the man in the line-up and at trial did not.
The credibility of witnesses is a matter which is addressed to the trier of fact. Additionally, the testimony of interested witnesses should be carefully scrutinized and should not be given the weight accorded testimony of disinterested witnesses. State v. Sensley, 460 So.2d 692 (La.App. 1st Cir.1984), writ denied, 464 So.2d 1374 (La.1985); State v. Walker, 204 La. 523, 15 So.2d 874 (1943).
We do not feel that the trier of fact abused its discretion in apparently rejecting the testimony of defendant’s wife and the testimony of Washington, while accepting the testimony of Miss Green, a disinterested eyewitness.
*235 Viewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier of fact could have found beyond a reasonable doubt that the defendant, Creighton Timothy Moss, armed with a revolver, robbed the cashier, Miss Green, of $105.00 in cash. This assignment of error is without merit.
ASSIGNMENT OP ERROR NO. 3
The defendant finally contends that the sentence imposed is excessive and constitutes cruel and unusual punishment.
The defendant urges that while the trial judge specifically referred to the aggravating circumstances listed in La.C.Cr.P. art. 894.1, he made no specific reference to any mitigating circumstances.
In State v. Smith, 433 So.2d 688 (La. 1983), our Supreme Court reviewed a case in which the defendant was sentenced to sixty (60) years at hard labor for armed robbery. In Smith, the court states:
“While the trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Ray, 423 So2d 1116 (La.1982); State v. Keeney, 422 So2d 1144 (La. 1982); State v. Duncan, 420 So2d 1105 (La.1982). A sentence will be deemed excessive where it is ‘nothing more than the purposeless and needless imposition of pain and suffering.’...”
In the present case, as in Smith, supra, the defendant could have been sentenced to 99 years at hard labor without parole, probation or suspension of sentence. La.R.S. 14:64. The defendant was given a sentence of forty-five (45) years at hard labor without benefit of parole, probation or suspension of sentence.
The record reflects that the trial judge adequately considered both the aggravating and mitigating circumstances provided in La.C.Cr.P. art. 894.1. The trial judge stated that the presentence investigation report revealed that the defendant had an extensive juvenile record and three felony convictions as an adult. The trial judge also examined the mitigating factors and stated that he was aware the defendant had a wife and children, that nobody was hurt during the armed robbery, and that only a relatively small amount of money had been taken.
Although a sentence may be considered excessive, though within the statutory limit, State v. Sepulvado, 367 So.2d 762 (La. 1979), we do not find, under the circumstances, that the trial judge abused his discretion in this case. This assignment of error is without merit.
For the above stated reasons, the defendant’s conviction and the sentence imposed are affirmed.
AFFIRMED.