407 So.2d 700 (1981)
STATE of Louisiana
v.
Eric L. CUSHENBERRY.
No. 81-KA-1180.
Supreme Court of Louisiana.
December 14, 1981.
*701 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Leon Canizzaro, Linda Bizzarro, Asst. Dist. Attys., for plaintiff-appellee.
Frank G. DeSalvo, New Orleans, for defendant-appellant.
BARRY, Justice Ad Hoc.[*]
The defendant, Eric Cushenberry, was found guilty of armed robbery and sentenced to five years at hard labor. Defendant appeals on the basis of three arguments, none of which have been formally assigned as error.
On July 2, 1980, shortly after noontime, an armed robbery occurred in Nelson's Grocery Store on Palmyra Street in New Orleans. Money was taken by three assailants from the store's cash register and from one customer. The police were notified and given a description of the men which was broadcast and resulted in their apprehension after they boarded a public bus. A store employee was taken to the point of arrest and immediately identified the defendant, and this employee and one of the customers made positive in-court identification of the defendant.
During voir dire a prospective juror stated that she had been the victim of a robbery and might have a problem being completely fair. She then gratuitously told defense counsel that "... the person that robbed me looked a little similar to this guy here, ...". The defendant's attorney objected and moved that the juror be excused for cause. The State made a brief attempt to rehabilitate the juror, but the trial judge granted the defendant's motion to recuse. Defense counsel contends the juror's remark was highly prejudicial and deprived the defendant of the opportunity to receive a fair trial. The State responds, and the record confirms, that the defendant waited until the entire jury had been impaneled and sworn before moving for a mistrial and therefore the defendant waived his right to request a mistrial.
This court has held that the absence of a timely objection or a motion for a mistrial constitutes a waiver of the alleged error. State v. Jones, 381 So.2d 416 (La. 1980); State v. Mallett, 357 So.2d 1105 (La. 1978). Except in instances in which a mistrial is mandatory, it is warranted only when trial error results in substantial prejudice to the defendant depriving him of a fair trial. State v. Heads, 370 So.2d 564 (La.1979).
The juror's remark does not fall within the grounds for a mandatory mistrial provided by La.C.Cr.P. art. 770[1]. Further, *702 defense counsel did not question the other veniremen as to whether they heard the arguably prejudicial remark or if they were influenced by it. In any event, we are satisfied that the juror's comment was less than overwhelming and would not have influenced any other juror even if it was heard. There is no requisite showing of prejudice and we therefore conclude that defendant's argument is without merit.
Defense counsel next contends the trial court erred in qualifying an interpreter who did not literally translate a witness' testimony. After the State examined the interpreter to establish her qualifications, defense counsel didn't question the interpreter and stated that he was satisfied with her qualifications.[2]
During the testimony very brief portions of the Spanish to English interpretation appear to have been paraphased. However, our reading of the questioned testimony shows no significant effect or difference without the literal translation. There was no contemporaneous objection during or after this alleged irregularity and defendant's right to complain on appellate review is therefore waived. La.C.Cr.P. art. 841; State v. Lawson, 393 So.2d 1260 (La. 1981). This argument lacks merit.
The defendant attempted to establish that he was employed, had means, and there was no financial necessity for him to commit the robbery. When the State cross-examined the defendant on the nature of his bail bond (surety or property) and who posted the bond, there was no objection. The defendant now argues that this type of impeachment was improper because the defendant was confused, but the record fails to show any contemporaneous objection and defendant's right to review of the alleged error is waived and without merit.
The conviction and sentence of the defendant are affirmed.
AFFIRMED.
NOTES
[*] Judges Patrick M. Schott, Lawrence A. Chehardy and Denis A. Barry of the Fourth Circuit participated in this decision as Associate Justices Ad Hoc, joined by Justices Calogero, Dennis, Watson and Lemmon.
[1] Art. 770. Prejudicial remarks; basis of mistrial

Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
[2] The interpreter was employed by the Clerk of Orleans Parish Criminal District Court and had qualified previously as an interpreter.