496 So.2d 636 (1986)
STATE of Louisiana
v.
Trina BLANKENSHIP.
No. KA 86 0008.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
James R. McClelland, Asst. Dist. Atty., Franklin, for appellee.
Don J. Hernandez, Indigent Defender Bd., Franklin, for appellant.
Before EDWARDS, WATKINS and PONDER,[*] JJ.
*637 PONDER, Judge.
Following a jury trial, defendant, Trina Blankenship, was convicted of distribution of marijuana in violation of La.R.S. 40:966 A and sentenced to three years imprisonment at hard labor. Defendant appealed, arguing:
(1) The trial court erred in not declaring a mistrial after a venire person made a prejudicial remark concerning defendant; and,
(2) The sentence imposed was excessive.[1]

ASSIGNMENT OF ERROR NUMBER ONE:
During voir dire examination of Merlin Price, who is a retired police officer, Mr. Price indicated in the presence of the entire jury venire that he knew defendant. When the trial court questioned him as to how well he knew defendant, Mr. Price replied, "I arrested her a couple of times." Thereafter, defense counsel challenged Mr. Price, who was summarily excused by the trial court. A bench conference followed with defendant moving for a mistrial based on the comments made by Mr. Price. This motion was denied; however, the trial court admonished the other members of the venire to ignore any remarks they might have heard concerning prior contact between Mr. Price and defendant.
A prospective juror's remarks do not fall within the ambit of the mandatory mistrial provisions of Louisiana Code of Criminal Procedure article 770(2). See State v. Cushenberry, 407 So.2d 700 (La. 1981). Further, defense counsel made no attempt to question the other veniremen as to whether they heard the remark or whether they were influenced by it. Mr. Price's knowledge of defendant was totally unrelated to the instant case and he did not elaborate on the facts of his prior encounters with defendant.
Mistrial is a drastic remedy to be employed only when mandatory or when a trial error results in substantial prejudice to defendant depriving him of a reasonable expectation of a fair trial. State v. Gibson, 459 So.2d 1294 (La.App. 1st Cir.1984). Only when an admonition is insufficient to assure a fair trial should a mistrial be ordered. La.C.Cr.P. art. 771.
The trial court did not abuse its discretion in admonishing the jury rather than granting a mistrial in this instance. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO:
Defendant contends the sentence imposed was excessive.
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. State v. Thomas, 432 So.2d 325 (La.App. 1st Cir.1983). A sentence is considered grossly disproportionate if one's sense of justice is shocked when comparing the punishment in light of the harm done to society. Id. at 327.
Absent manifest abuse of discretion by the trial court, a sentence should not be set aside as excessive. State v. Lanclos, 419 So.2d 475 (La.1982). Defendant's sentence is in the lower range of possible sentences and does not appear grossly disproportionate to the offense committed. The trial judge took particular note of the fact that defendant had a long history of misdemeanor convictions and that defendant had previously been afforded the benefit of supervised probation. Due consideration was given to all relevant mitigating facts. The trial court acknowledged that defendant had a history of substance abuse; however, placement in a detoxification program during a prior probationary period terminated unsatisfactorily. Given defendant's history of criminal activity and the likelihood of its recurrence, the trial court believed that correctional treatment *638 in a confined environment was the only appropriate punishment.
The record in this case shows that the trial court considered all relevant factors under Code of Criminal Procedure art. 894.1, in reaching its sentencing decision. We find no manifest abuse of discretion in the factors considered or the weight given to those factors.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[*] Judge Elven E. Ponder, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther F. Cole to the Supreme Court.
[1] Assignment of error number three was not briefed and is therefore considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.