687 So.2d 1074 (1997)
STATE of Louisiana, Appellee,
v.
Carlin COTTON, Appellant.
No. 29101-KA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1997.
*1075 Robertson & Wheeler by K. Douglas Wheeler, Monroe, for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, L. Douglas Lawrence, Charles Brumfield, Assistant District Attorneys, for Appellee.
Before NORRIS, CARAWAY and PEATROSS, JJ.
PEATROSS, Judge.
A six-person jury convicted the defendant, Carlin Cotton, of one count of simple burglary of the Bastrop office of Dr. Michael Orlando. After reviewing the pre-sentence investigation report, the trial court sentenced the defendant to 12 years at hard labor. The defendant appeals his conviction and sentence. We affirm.

FACTS
On August 8, 1995, around 4:30 p.m., the defendant entered through the back door the office building of Dr. Michael Orlando, an ear, nose and throat doctor in Bastrop, Louisiana. Two employees of Dr. Orlando, Ms. Arien Lyons and Ms. Gay Herzog, found the defendant in the office building standing over an open purse. Herzog asked the defendant *1076 what he was doing and he replied that he wanted to use the restroom. The defendant used the restroom which was located immediately behind him and then Ms. Herzog escorted him out the front door. Upon investigating, Ms. Herzog found that all the dollar bills were missing from a box of candy located in the kitchen near the back door. The employees also testified that the defendant would have passed two restrooms in route from the back door to the area in which he was found.
Detective Mike Tubbs, of the Bastrop Police Department, investigated the incident at Dr. Orlando's office. Since the defendant matched the description given by the employees, Detective Tubbs questioned him as to his whereabouts on the day of the incident. The defendant told Detective Tubbs and Detective Sarah Coleman that he had been in the doctor's office on the day in question, entering through the back door because he had to use the restroom in a hurry. The defendant testified at trial that he was never in Dr. Orlando's office building on August 8, 1995. He also denied telling Detectives Tubbs and Coleman that he was in the office building to use the restroom.
After trial, defense counsel filed a motion for a judgment of acquittal and a motion for a new trial. The trial court denied each of these motions. In addition, defense counsel also filed a motion to reconsider the sentence, which the trial court also denied.

DISCUSSION
Assignment of Error No.1: Denial of Motion for a Mistrial based on a comment made by a prospective juror during voir dire
During jury voir dire, the trial judge asked the panel of prospective jurors if any of them had heard about the facts of this case. One juror responded in the affirmative and the following exchange took place between the juror and the trial judge:
Juror: I saw him on the same day that he went into Dr. Orlando's office supposedly.
The court: You mean you were in the doctor's office?
Juror: I was in the eye doctor's office.
The court: Un-huh and you're taking about the date of August 8, 1995? Alright, well, do you know anything about the facts of this case or have you heard anything about the facts of this case? You heard it discussed by some people or something? Your answer is yes?
Juror: Yes.
The prospective juror told the trial judge that she had already formed an opinion about the case and that she could not put aside what she knew about the case. This prospective juror was excused by the court. The judge admonished those prospective jurors remaining on the panel that only sworn testimony from the witness stand was to be considered.
Defense counsel questioned all the remaining prospective jurors about the comment. In the first panel, seven members stated that the comment had no effect on them and four members stated that it would have an effect. In the second panel, nine members stated that the comment had no effect and three members stated that it would influence them. All those potential jurors who stated that the comment would influence their ability to hear the case were excused. The transcript does not specify whether the prospective jurors were excused for cause or by peremptory challenge; however, the trial judge stated in his oral reasons that he allowed the defendant to excuse these prospective jurors for cause.
After jury selection was complete, defense counsel moved for a mistrial based on the fact that the prospective juror's comments were made in front of other prospective jurors. The trial judge denied the motion finding that the comments made by the prospective juror did not rise to the level of any of the grounds listed in La.C.Cr.P. art. 775. The trial judge also stated that most of the prospective jurors who heard the comment had not formed an opinion and that the court had allowed defense counsel to excuse for cause any of the jurors who stated that the comment made them "wonder" or had planted a "seed." The trial judge further stated that the attorneys were able to select a jury with many members of the venire left and *1077 that he would admonish the selected jurors to consider only the evidence presented at trial.
La.C.Cr.P. art. 775 provides that on a motion by the defendant, a mistrial shall be granted when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to receive a fair trial. A mistrial is a drastic remedy and is warranted only when the error results in substantial prejudice sufficient to deprive the defendant of any reasonable expectation of a fair trial. State v. Sanford, 27,268 (La.App.2d Cir. 8/23/95), 660 So.2d 555, writ denied, 95-2570 (La.2/9/96), 667 So.2d 527. Unless mandatory, the trial court's decision to grant or deny a mistrial lies within its sound discretion and will not be disturbed absent a showing of clear abuse of that discretion. State v. Sanford, supra.
In support of his argument, defense counsel cites two cases, State v. Blankenship, 496 So.2d 636 (La.App. 1st Cir.1986) and State v. Roman, 473 So. 2d 897 (La.App. 3d Cir. 1985). In State v. Blankenship, supra, a prospective juror stated that he had arrested the defendant a couple of times. The court found that this comment, although heard by other prospective jurors, did not mandate a mistrial and an admonishment to the prospective jurors was sufficient. Defense counsel argues that the present case can be distinguished from Blankenship and asserts that the prospective juror's comment was directly related to the present case; whereas, in Blankenship, the comment was unrelated to the case on trial.
Blankenship does not support the defendant's argument that the prospective juror's comment mandates a mistrial. The comment in Blankenship was potentially more prejudicial in that it came from a retired police officer and was presumably related to prior crimes committed by the defendant. The comment in the present case was vague and inconclusive. The prospective juror did not give any details about where she saw the defendant or what he was doing at the time she saw him.
In State v. Roman, supra, five jurors selected to serve on the jury read a newspaper article which detailed the defendant's prior arrests and conviction for rape. The court found that the exposure to the defendant's previous convictions was too prejudicial to be overcome by a mere admonishment. This case is distinguishable from the present one. First, Roman involved jurors that had already been selected and sworn as jurors. The trial court had failed to warn the jurors to avoid contact with any publicity concerning the case. Second, the jurors were exposed to highly prejudicial information regarding the defendant's prior conviction for rape. The defendant in that case alleged that he had chosen not to testify in order to avoid having his prior convictions revealed to the jury. In the instant case, the comment did not involve prior convictions or even any completed crimes. In addition, as stated above, the comment was inconclusive and vague.
The comment made by the prospective juror did not affect the defendant's ability to receive a fair and impartial trial. The prospective juror did not state that she saw the defendant enter or leave the building nor did she specify where the defendant was when she saw him. She did not go into any detail about what time she saw the defendant or what he was doing when she saw him.
Furthermore, the defendant has failed to establish the substantial prejudice required to warrant a mistrial. The trial judge allowed all the jurors who stated that the comment would influence them to be excused and the remaining prospective jurors stated that the comment would have no effect on their ability to decide the case.
The trial court did not abuse its discretion in refusing to grant the defendant's request for a mistrial. See and compare State v. Cushenberry, 407 So.2d 700 (La.1981), in which the supreme court held that a statement by a prospective juror that the defendant looked similar to a person who had robbed her was not prejudicial and did not have an impact on the other prospective jurors.
This assignment of error has no merit.

*1078 Assignment of Error No. 2: Sentencing

In the second assignment of error, the defendant alleges the trial court erred in imposing an unconstitutionally harsh and excessive sentence.
The trial court sentenced the defendant to 12 years at hard labor, the maximum penalty for simple burglary. LSA-R.S. 14:62. The defendant filed a motion for reconsideration alleging that the sentence was unconstitutionally harsh, excessive and completely disproportionate to the offense. The trial judge denied this motion.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Gene, 587 So.2d 18 (La.App. 2d Cir.1991), writ denied, 604 So.2d 993 (La. 1992).
The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Gene, supra.
The trial judge stated an adequate factual basis for the imposition of the sentence in accordance with La.C.Cr.P. art. 894.1. The trial judge considered the fact that the defendant was a fifth felony offender with a lengthy misdemeanor record. In addition, the defendant had charges of purse snatching and felony theft pending in the same court. Most of the defendant's prior convictions involved theft or burglary. The trial judge stated that he considered the defendant to be incorrigible and that he believed the defendant committed perjury at the trial. Finally, the trial judge considered the fact that the defendant failed to cooperate with the investigating officer in compiling the pre-sentence investigation report.
The next step in determining the excessiveness of a sentence is to determine whether the sentence is constitutionally excessive considering the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Gene, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Thompson, 25, 583 (La.App.2d Cir. 1/19/94), 631 So.2d 555. The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Thompson, supra.
The trial court did not abuse its discretion in imposing the maximum sentence of 12 years for this defendant. As stated above, the defendant is a fifth felony offender with a lengthy misdemeanor record. The trial judge stated that the defendant also had a felony theft charge and a purse snatching charge pending at the time of sentencing. In addition, the state put on evidence at trial of other incidents similar in nature to the present one in which the defendant entered a place of business and was found in non-public areas under suspicious circumstances. It appears that this defendant is a professional petty thief and deserves the maximum sentence allowed under the law. A sentence of 12 years at hard labor for this defendant does not shock the sense of justice. See State v. Housley, 577 So.2d 767 (La.App. 2d Cir.), writ denied, 586 So.2d 540 (La.1991), in which the defendant, who had a lengthy criminal record, was sentenced to the maximum sentence of 12 years for a simple burglary conviction.
This assignment of error is without merit.
*1079 We have examined the record for error patent and found none.

CONCLUSION
For the reasons expressed, we affirm the conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.