NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-356

STATE OF LOUISIANA

VERSUS

EARL LEWIS, IV

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 146202
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Elizabeth A. Pickett, and John E. Conery, Judges.

AFFIRMED.

Keith A. Stutes
District Attorney, Fifteenth Judicial District
Kenneth P. Hebert
Assistant District Attorney
P. O. Box 3306
Lafayette, LA 70501
(337) 232-5170
COUNSEL FOR APPELLEE:
        State of Louisiana

Edward K. Bauman
Louisiana Appellate Project
P. O. Box 1641
Lake Charles, LA 70602-1641
(337) 491-0570
COUNSEL FOR DEFENDANT-APPELLANT:
        Earl Lewis, IV

**PICKETT, Judge.**

## FACTS

The testimony during trial established that the defendant approached Mrs. Bonnie Rodriguez's vehicle at a gas station while Mrs. Rodriguez and her husband were inside the gas station. Despite Mrs. Rodriguez's five children being inside the car, the defendant reached through the open window and took Mrs. Rodriguez's purse before walking away. Mrs. Rodriguez, her husband, and her son Luis chased after the defendant, who was arrested shortly thereafter.

On June 5, 2014, the defendant, Earl Lewis, IV, was charged by bill of information with one count of simple burglary of an automobile, in violation of La.R.S. 14:62; and one count of aggravated battery, in violation of La.R.S. 14:34. On August 15, 2014, the defendant pled not guilty.

On September 22, 2015, the state severed the aggravated battery charge due to the victim being in Mexico and proceeded to trial on the simple burglary charge. On September 23, 2015, a six-person jury found the defendant guilty as charged.

On January 20, 2016, the trial court sentenced the defendant to a maximum sentence of twelve years at hard labor with credit for time served and a $2,000 fine. Defense counsel objected to the sentence and the state announced it intended to initiate habitual offender proceedings.

The defendant now appeals his sentence as excessive, despite failing to file a motion to reconsider sentence. For the reasons that follow, the defendant's sentence is affirmed.

## ASSIGNMENT OF ERROR

The defendant alleges one assignment of error in this court:

The trial court erred in imposing a constitutionally excessive sentence.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## DISCUSSION

In his sole assignment of error, the defendant argues that the trial court erred in imposing an excessive sentence. Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence on appeal:

> A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
>
> . . . .
>
> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Louisiana courts have laid out the following guidelines with regard to excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-

2

0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958[, *cert. denied*, 96-6329, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Although the defendant made a contemporaneous objection to his sentence, he never filed a motion to reconsider sentence as required by La.Code Crim.P. art. 881.1.

In *State v. James*, 95-962 (La.App. 3 Cir. 2/14/96), 670 So.2d 461, the defendant filed a motion to reconsider sentence one year and eight months after sentencing, well beyond the thirty day requirement provided by La.Code Crim.P. art. 881.1. The record of sentencing did not reflect that the trial court gave any additional time in which to file the motion. Therefore, this court found that, because the motion to reconsider sentence was not timely filed, the defendant's sentencing claims lacked merit. *See also State v. King*, 95-344 (La.App. 3 Cir. 10/4/95), 663 So.2d 307, *writ denied*, 95-2664 (La. 3/15/96), 669 So.2d 433.

3

In *State v. Bamburg*, 00-675 (La.App. 3 Cir. 11/2/00), 772 So.2d 356, the defendant failed to object to the sentence imposed at the sentencing hearing and did not timely file a motion to reconsider sentence. Thus, this court found his claim of excessiveness of sentence was barred. *See also State v. Williams*, 01-998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La. 1/31/03), 836 So.2d 59.

However, this court has reviewed claims of excessiveness where no objection was made and no motion to reconsider sentence filed. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, 562 U.S. 1150, 131 S.Ct. 932 (2011); *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127; *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352; *State v. H.J.L.*, 08-823 (La.App. 3 Cir. 12/10/08), 999 So.2d 338, *writ denied*, 09-606 (La. 12/18/09), 23 So.3d 936; *State v. Quinn*, 09-1382 (La.App. 3 Cir. 5/12/10), 38 So.3d 1102, *writ denied*, 10-1355 (La. 1/7/11), 52 So.3d 885. Accordingly, we will review the defendant's claim as a bare claim of excessiveness.

The defendant's sentence of twelve years at hard labor and a $2,000 fine are the maximum penalty for simple burglary, which is not by definition a crime of violence. However, the defendant stole a purse out of a car that was occupied by multiple children in broad daylight.

The second factor to be considered under *Lisotta* is the nature and background of the offender. Although the pre-sentence investigation (PSI) report was not included in the record submitted to this court, the trial court found that the defendant is "a fifth felony offender." The trial court specifically noted that it had considered aggravating and mitigating factors, and ultimately concluded that a maximum sentence was warranted given the defendant's history.

Finally, *Lisotta* notes that appellate courts should consider sentences imposed for similar crimes. Louisiana courts have frequently held that maximum sentences for

4

simple burglary are not excessive, particularly where the defendants show a history of felony convictions. The supreme court in *State v. Brown*, 410 So.2d 1043 (La.1982), found that a maximum sentence was not excessive for a defendant with a history of criminal activity and at least two prior felony convictions. Likewise, this court in *State v. Jackson*, 539 So.2d 1288 (La.App. 3 Cir. 1989) found a maximum sentence not excessive where the defendant had three prior felony convictions and an extensive arrest record. In *State v. Payne*, 612 So.2d 153 (La.App. 5 Cir. 1992), the fifth circuit upheld a maximum sentence for a twenty-six year old who was a second felony offender who also had five misdemeanor convictions. Finally, in *State v. Cotton*, 29,101 (La.App. 2 Cir. 1/22/97), 687 So.2d 1074, the second circuit upheld a maximum sentence for simply burglary for a fifth felony offender with additional misdemeanor convictions and further pending charges.

The defendant contends that he "is not the most egregious of offenders" and that "[a] sentence providing for less prison time and treatment for his drug addiction, treatment best served in a non-custodial environment, would have been more appropriate." Noting that the "relevant question on review, however, [i]s 'whether the trial court abused its broad sentencing discretion, not whether another sentence would have been more appropriate,'" and in light of the defendant's undisputed history of felony convictions and the Louisiana jurisprudence cited above, we cannot say that the trial court abused its discretion. *Cook*, 674 So.2d 957. Accordingly, the defendant's sentence is affirmed.

## CONCLUSION

The defendant's sentence is affirmed.

**AFFIRMED.**

5