495 So.2d 328 (1986)
STATE of Louisiana
v.
John THOMPSON.
No. KA 4952.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1986.
*329 M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., and William A. Marshall, Asst. Dist. Atty., New Orleans, for appellee.
Before GARRISON, CIACCIO and WARD, JJ.
CIACCIO, Judge.
Defendant, John Thompson, was charged by bill of information with armed robbery, a violation of LSA R.S. 14:64.[1] On March 7, 1985, defendant was arraigned and pled not guilty. Trial was held on April 11th and 12th, 1985. Defendant was found guilty of attempted armed robbery by a twelve (12) member jury. On April 19, 1985, defendant was sentenced to serve forty-nine and one-half years (49½) at hard labor without benefit of parole, probation or suspension of sentence.

FACTS
On the evening of December 28, 1984, Stuart Lagarde, nick-named Jay, his sister, Mimi, and his brother, Michael, left the Louisiana Superdome following a basketball game. They proceeded to their car which was parked on Poydras Street near the intersection of LaSalle Street, across from the Superdome. As the trio approached their car, Mimi noticed a man, who she later identified as defendant, walking very fast towards them. As the three victims entered the car, defendant forced his way into the back seat of the car. Defendant brandished a .357 magnum revolver at the trio and demanded all their valuables including the car. Defendant then ordered Jay to start the engine and turn left on LaSalle Street. As Jay turned left he deliberately crashed the car into a parked vehicle. Defendant became very upset and threatened to kill Jay who then grabbed defendant's gun. A fight ensued for possession of the gun. Jay shouted to his brother and sister to leave the car. Jay pushed defendant out of the car causing defendant to drop the gun. Defendant then ran away escaping with a wallet and money taken from the trio. Jay retrieved the gun, summoned Superdome security police who notified the New Orleans Police. All three victims gave a physical description of defendant to the police.
Several weeks later on January 17, 1985, Mimi and Michael saw a picture of defendant in the newspaper and recognized him as their assailant. They relayed this information to their father who notified the police. The newspaper clipping was also mailed to Jay who had returned to college at the University of Virginia.
Later, all three victims identified defendant from photographic lineups conducted by the district attorney's office. Defendant was then arrested and charged with armed robbery.
During jury selection, two prospective jurors were excused by, and on the motion of, the trial judge. Both jurors were excused after discussions with the judge in chambers. Defendant alleges that the trial judge abused his discretion and committed reversible error by excusing these jurors without allowing defendant to voir dire *330 them, thereby violating defendant's rights under Louisiana Constitution Article 1, Section 17. Defendant argues that this action by the trial judge, in effect, granted two additional peremptory challenges to the State and unfairly restricted the voir dire of the defense.
Article I, Section 17 of the Louisiana Constitution grants an accused the right to a full and complete voir dire examination and to the exercise of peremptory challenges. The purpose of voir dire examination is to determine the qualifications of prospective jurors by testing their competence and impartiality. State v. Williams, 457 So.2d 610 (La.1984). The scope of voir dire examination falls within the discretion of the trial judge, who is given wide discretion in the regulation of the examination of prospective jurors. Code of Criminal Procedure Article 787.[2]
Article 787 provides:
The court may disqualify a prospective petit juror for service in a particular case when for any reason doubt exists as to the competence of the prospective juror to serve in the case. (Emphasis added).
This discretionary right of the trial judge cannot deprive defense counsel of a reasonable opportunity to determine a basis for challenges for cause and the intelligent exercise of peremptory challenges. State v. Duplessis, 457 So.2d 604 (La.1984); State v. Monroe, 329 So.2d 193 (La.1975). However, it does grant to the trial judge the authority to disqualify a prospective juror when for any reason doubt exists as to the competency of that juror to serve.[3]
In dismissing the two jurors the Court stated:
"Let's go back over the two the court excused.
Juror No. 17, was Linda Barnes, for the record, that Miss Barnes was in chambers. Miss Barnes informed the Court that her son recently was convicted of the charge of armed robbery, and is presently doing fifteen years at Angola. She did not want to have to go into that, but she did inform the court that that fact by itself would keep her from being a fair and impartial juror. For that reason, the court excused her ... And, for the record, the court excused her because of the personal embarrassment it would have caused her to have to go through that, and as to Juror No. 339, Mr. Steven Washington, in chambers, the court questioned Mr. Washington, and Mr. Washington did not feel that he would give this trial his full attention as he went up earlier this morning as a potential juror into Section "A", where a first degree murder trial was beginning, and he at that time, realized that his stepson was involved in that first degree murder case, and was apparently very shaken up by it in my conversation with him, and he felt that that would keep him from giving this trial his full attention, and because of the embarrassment involved, he asked the court to excuse him, so as not to have to talk about his stepson's involvement in the murder case."
A further measure of the discretion of the trial judge is the scrutiny of his decision on review. Our Supreme Court has repeatedly held that the trial judge's regulation of the scope of voir dire should not be disturbed on appeal in the absence of a clear abuse of discretion. State v. Murray, 375 So.2d 80 (La.1979); State v. Clark, 325 So.2d 802 (La.1976). Defendant's complaint that his voir dire was unconstitutionally restricted, and that the *331 court's actions served to provide the State with two extra peremptory challenges is unfounded. The record reflects that no challenge for cause was made by the State, and that only the trial judge questioned the two jurors as to the reasons for their dismissal. Reasons, which in the opinion of this Court, are clear and convincing and do not constitute an abuse of discretion in light of the language of Article 787 "for any reason."
It has long been held that defendant's right in the empanelling of a petit jury is not one of selection but one of rejection of jurors. State v. Dallao, 187 La. 392, 175 So. 4 (1937), appeal dismissed, Dallao v. State of Louisiana, 58 S.Ct. 51, 302 U.S. 635, 82 L.Ed. 494, rehearing denied, 58 S.Ct. 138, 302 U.S. 777, 82 L.Ed. 601; State v. Lee, 180 La. 494, 156 So. 801 (1934); State v. Foster, 164 La. 813, 114 So. 696 (1927).
The purpose of voir dire is to allow the parties to intelligently exercise their challenges to insure a fair trial. Voir dire is an important right given to both the State and the defendant to aid selection of an impartial jury. State v. Monroe, supra.
Since defendant has only a right of refusal he is not unfairly prejudiced by the Court disqualifying two jurors deemed to be a threat to the fairness of the trial, where bias, prejudice or inability to render judgment according to law may be reasonably implied. State v. Smith, 430 So.2d 31 (La.1983). In order for the trial judge to protect the proceedings from prejudicial error, it is necessary to give the presiding judge the authority to disqualify prospective jurors. State v. Kohler, 434 So.2d 1110 (La.App. 1st Cir.1983).
The two jurors who were dismissed were dismissed for good cause. The trial judge exercised his discretion pursuant to Code of Criminal Procedure Article 787. There was no abuse of that discretion. This specification of error is without merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] LSA R.S. 14:64:

A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.
[2] See also: State v. Stucke, 419 So.2d 939 (La. 1982); State v. Davis, 411 So.2d 2 (La.1982); State v. Chapman, 410 So.2d 689 (La.1981); State v. Allen, 380 So.2d 28 (La.1980).
[3] The official revision comment to Art. 787 states that it is essential to give the court a wide latitude to determine a juror's qualifications in the particular situation of each case since challenges are available only to counsel. "This article compliments to a degree articles 797 and 798 which list special challenges for cause." Nothing in the language of Articles 797 and 798 indicates that they are exhaustive of the grounds of challenges for cause.