KLEES, Judge.
The defendant, Andrew Wright, was indicted for distribution of heroin, in violation of L.S.A.-R.S. 40:966. On July 26, 1991, after a two day jury trial, the defendant was found guilty as charged. On November 12, 1991, the defendant was sentenced to life imprisonment at hard labor without benefit of probation or suspension of sentence. He now appeals.
FACTS:
In the late 1980’s, the New Orleans Police Department and the United States Drug Enforcement Agency engaged in an undercover operation named “Alley Cat” aimed at heroin traffickers. On September *542 8, 1988, an undercover officer, James Pen-ton, accompanied by a confidential informant, contacted the defendant at the side door of his residence in the 1500 block of Frenchmen Street in New Orleans, Louisiana. Penton told the defendant that he wanted to buy a “bundle”, a package of twenty-five prepackaged individual dosage units of heroin, known as “tin foils.” The defendant stated that he would sell a bundle for four hundred dollars, but that since he did not have enough in stock to meet Penton’s needs, he would obtain some and Penton would have to return in thirty minutes. Back-up officers, led by Det. Clarence Withern of the New Orleans Police Department, watched as Penton and the confidential informant entered the alley next to the defendant’s house and returned to their car.
The officers watched the defendant exit the house and drive off. The officers followed the defendant to New Orleans East, where the defendant made a call from a public telephone. An unknown man arrived, entered the defendant’s vehicle, spoke with the defendant, and left. The defendant then returned to his house on Frenchmen Street. Penton and the confidential informant also returned to the defendant’s residence. Penton and the confidential informant walked towards the alleyway and were met by the defendant outside at the fenced portion of the alley. Penton gave the defendant four hundred dollars in cash, and the defendant handed Penton a “bundle” of twenty-three dosage units through the fence, two less than normal, as the defendant informed Penton that he was keeping two units for himself for his trouble.
The back-up officers conducting the surveillance could not see the transaction. A video camera located across from the defendant's residence and operated by Det. Wayne Favre of the New Orleans Police Department recorded the defendant and Penton entering the alley within minutes of each other but did not capture the transaction. At trial, the jury was allowed to view the video recording.
George Lester, a forensic analytical chemist with the D.E.A., testified at trial that the material obtained from the defendant in the twenty-three tin foils was heroin. The heroin powder contained in the “bundle” weighed 1.26 grams. Lester testified that about .50 grams of the heroin was destroyed by the testing process, leaving approximately .70 grams for evidence at trial. An ounce is equivalent to 28.35 grams. .70 grams is equal to twenty-five thousandths of an ounce.

Errors Patent

Under L.S.A.-R.S. 40:966(B)(1), any person convicted of distribution of heroin shall be “sentenced to life imprisonment at hard labor without benefit of probation, or suspension of sentence, and may, in addition, be required to pay a fine of not more than fifteen thousand dollars.” In the present case, the trial court sentenced the defendant to serve life imprisonment at hard labor without benefit of probation or suspension of sentence (Sentencing transcript, p. 1). However, the minute entry and docket master entry of November 12, 1991 state that the defendant was sentenced to life imprisonment at hard labor without benefit of parole or suspension of sentence (R.4,42). The law is clear that when the transcript and minute entry are conflicting, the transcript controls. State v. Jones, 557 So.2d 352 (La.App. 4th Cir.1990). Thus, the sentence imposed by the trial court is legal.
No other errors patent were found upon review of the record.
In his sole assignment of error, the defendant contends that the trial court erred in permitting the state to challenge for cause those prospective jurors who indicated that, in a case involving a minute quantity of heroin, they would not be able to return a verdict requiring life imprisonment.
In the present case, the state exercised eleven of its peremptory challenges. The trial court sustained twenty-four of the state’s challenges for cause. Of the jurors excused for cause, nine had been challenged by the state on the basis that they *543 could not accept the law that the distribution of a small amount of heroin results in the mandatory sentence of life imprisonment. The other jurors excused for cause stated that they disagreed with the mandatory life sentence regardless of the amount of heroin involved.
Article I, Section 17 of the Louisiana Constitution grants an accused the right to a full and complete voir dire examination and to the exercise of peremptory challenges. The purpose of voir dire examination is to determine the qualifications of prospective jurors by testing their competence and impartiality. State v. Williams, 457 So.2d 610 (La.1984). Voir dire is an important right given to both the defendant and the state to aid in the selection of an impartial jury. State v. Monroe, 329 So.2d 193 (La.1975). It allows the parties to intelligently exercise their challenges to insure a fair trial. The scope of voir dire examination falls within the discretion of the trial judge, who is given wide discretion in the regulation of the examination of prospective jurors. State v. Thompson, 495 So.2d 328 (La.App. 4th Cir.1986). Code of Criminal Procedure article 787 provides that
the court may disqualify a prospective petit juror from service in a particular case when for any reason doubt exists as to the competency of the prospective juror to serve in the case.
Absent a clear abuse of discretion, the trial judge’s regulation of the scope of voir dire should not be disturbed on appeal. State v. Jackson, 450 So.2d 621 (La.1984); State v. Murray, 375 So.2d 80 (La.1979); State v. Clark, 325 So.2d 802 (La.1976).
Code of Criminal Procedure article 797(4) provides, in pertinent part, that “the state or the defendant may challenge a juror for cause on the ground that ... the juror will not accept the law as given to him by the court ...” Further, Code of Criminal Procedure article 798(1) allows the state to challenge for cause a juror who “is biased against the enforcement of the statute charged to have been violated, or is of the fixed opinion that the statute is invalid or unconstitutional.”
When assessing whether a challenge for cause should be granted, the trial judge must look at the juror’s responses during the entire testimony, not just “correct,” isolated answers, State v. Copeland, 530 So.2d 526 (La.1988); or for that matter, “incorrect,” isolated answers. State v. Lee, 559 So.2d 1310 (La.1990), cert. denied, Lee v. Louisiana, — U.S.-, 111 S.Ct. 1431, 113 L.Ed.2d 482 (1991). The trial court is vested with broad discretion in ruling on challenges for cause. Only where it appears, upon review of the voir dire examination as a whole, that the judge’s exercise of that discretion has been abused, should the ruling of the trial court be reversed. State v. Lindsey, 543 So.2d 886 (La.1989), cert. denied, Lindsey v. Louisiana, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 798 (1990).
A defendant may not complain of an erroneous allowance to the state of a challenge for cause unless the effect of the ruling is the exercise by the state of more peremptory challenges than it is entitled by law. Code of Criminal Procedure article 800; State v. James, 431 So.2d 399 (La.1983), cert. denied, James v. Louisiana, 464 U.S. 908, 104 S.Ct. 263, 78 L.Ed.2d. 247 (1983).
L.S.A.-R.S. 49:966(A)(1) provides, in pertinent part, that “it shall be unlawful for any person knowingly or intentionally ... to ... distribute ... a controlled dangerous substance classified in Schedule I.” Heroin is classified in Schedule I. See L.S.A.-R.S. 40:964(B)(11). No threshold quantity is mentioned in the statute. In fact, the law is clear that a conviction under the Controlled Dangerous Substances Act may rest on mere traces or residue of narcotics. State v. Spates, 588 So.2d 398 (La.App. 2nd Cir.1991); State v. Fontenot, 578 So.2d 1032 (La.App. 3rd Cir.1991), writ denied, 582 So.2d 1305 (La.1991); State v. White, 535 So.2d 929 (La.App. 2nd Cir.1988), writ denied, 537 So.2d 1161 (La.1989). Further, a conviction for distribution of heroin mandates the imposition *544 of life imprisonment. L.S.A.-R.S. 40:966(B)(1).
In State v. Frey, 568 So.2d 576 (La.App. 4th Cir.1990), writ denied, 578 So.2d 1118 (La.1991), this Court found that the trial court was within its discretion in allowing the state to challenge for cause all jurors who stated they could not consider a verdict of guilty due to the mandatory life sentence required by a conviction of distribution of heroin. Thus, in the present case, the trial court was within its discretion in allowing the state to challenge for cause all jurors who stated that they could not convict because of the mandatory life sentence.
The defendant contends that the trial court should not have allowed the state to challenge for cause those jurors who could not convict on the basis of the alleged small quantity of heroin involved as quantity was not an element which had to been proven by the state. As stated above, the statute which prohibits the distribution of heroin does not provide for a threshold amount. Any amount of heroin is sufficient to sustain a conviction for distribution of heroin. While the defendant is correct that the state does not have to prove the amount of heroin seized to sustain a conviction, the state is entitled to ascertain if any prospective jurors would require such proof in order to render a verdict of guilty.
This Court in State v. Washington, 522 So.2d 628 (La.App. 4th Cir.1988), writ denied, 523 So.2d 1321 (La.1988), cert. denied, 488 U.S. 834, 109 S.Ct. 94, 102 L.Ed.2d 70 (1988), concluded that there was no abuse of discretion by the trial court in granting the state’s challenges for cause of two jurors who stated that, despite instructions from the trial court that evidence of a weapon could be shown through testimony, they would require the state to produce a weapon before they would believe one was used in the robberies.
In State v. Brown, 546 So.2d 1265 (La.App. 1st Cir.1989), the appellate court found no error on the part of the trial court in excusing a prospective juror who felt that ejaculation was essential to a finding of rape.
The Louisiana Supreme Court in State v. Monk, 315 So.2d 727 (La.1975), upheld the trial court’s ruling granting the state’s challenge for cause of a juror who stated that he could not convict on circumstantial evidence. In State v. Vinet, 352 So.2d 684 (La.1977), the Supreme Court found that the trial court was correct in sustaining the state’s challenge for cause when the prospective juror stated that she would require the state to prove the defendant’s guilt to a certainty, not simply beyond a reasonable doubt.
In each of these cases, the trial court sustained challenges for cause when the prospective jurors indicated that they would require the state to go beyond what was required by law in order to render a verdict of guilty.
In the present case, the state had the responsibility to prove that the substance purchased from the defendant was heroin. However, the state did not have to prove the amount of heroin purchased from the defendant. Thus, the state was entitled to inquire if any of the prospective jurors would require the state to go beyond the law and prove that the defendant distributed a certain amount of heroin before rendering a verdict of guilty.
Given the small amount of heroin that would be introduced at trial, the state did not go beyond the facts of the case in discussing with the prospective jurors the issue of quantity.
Given the facts of this case, the trial court was within its discretion in allowing the state to question the prospective jurors on the quantity issue and in sustaining the state’s challenges for cause of those jurors who stated that they could not convict someone for distributing a small amount of heroin.
Accordingly, for the foregoing reasons, the defendant’s conviction and sentence is hereby affirmed.

AFFIRMED.